**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

JEANETTE GREY,

                             Plaintiff,            **COMPLAINT**

              -against-

THE CITY OF NEW YORK, a municipal entity;    **10cv6001 (RJS) (KNF) - ECF**
New York City Police Supervisors and Commanders
RICHARD and RACHEL ROEs 1-5; New York City
Police Officer PAUL MONTEFUSCO, Shield No.
10580; New York City Police Officer JEAN        **JURY TRIAL DEMANDED**
BAPTISTE, Shield No. 26686; New York City Police
Officers JOHN and JANE DOES 1-5; individually and
in their official capacities, jointly and severally, (the
names John, and Jane Doe, as well as Richard and
Rachel Roe, being fictitious, as the true names of
these defendants are presently unknown),
                                 Defendants.

------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages, attorney's fees, and costs pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, as well as and under the statutory and common law of the State of New York, for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law statutory and tort claims.

2.    It is alleged that individual police officer defendants made an unreasonable seizure of the plaintiff's person by interfering with her freedom of movement and then arresting her without probable cause in the vicinity of 565 Nostrand Avenue in the City of New York. It is also alleged that individual police

officers used unreasonable and excessive force against plaintiff, engaged in unreasonable and discriminatory conduct during her seizure, subjected plaintiff to excessive, unreasonably prolonged, unnecessary and punitive detention, as well as malicious prosecution on unfounded charges. It is also alleged that plaintiff was intentionally subjected to such unreasonable conduct by defendants based on her gender and sexual orientation.

3.      The defendants in this action, THE CITY OF NEW YORK, a municipal entity; New York City Police Supervisors and Commanders RICHARD and RACHEL ROEs 1-5; New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686;  New York City Police Officers JOHN and JANE DOES 1-5, individually and in their official capacities, jointly and severally, implemented, enforced, encouraged, sanctioned and/or ratified actions resulting in (i) false arrest of plaintiff; (ii) use of excessive force against plaintiff; (iii) discrimination against plaintiff based on sex and sexual orientation; (iv) unlawful search and detention of plaintiff, and detention for an inordinate and unreasonable amount of time, and; (v) malicious prosecution of plaintiff.

4.      Plaintiff seeks (i) compensatory damages for the injuries caused by defendants' unlawful conduct; (ii) punitive damages assessed against the individual defendants to deter such intentional or reckless deviations from well-settled constitutional law; (iii) an award of attorneys' fees and costs; (iv) injunctive relief ordering the destruction of all fingerprints, in whatever form existent, taken of plaintiff pursuant to her arrest, including those fingerprints transmitted to and retained by the New York State Division of Criminal Justice

Services and the FBI; (v) injunctive relief ordering that plaintiff's arrest record be expunged; and (vi) such other relief as this Court deems equitable and just.

## JURISDICTION

5.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

6.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for violation of plaintiff's constitutional, civil, statutory, and common law rights.

7.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 29 U.S.C. § 1367 (a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

8.     Venue is properly laid in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

9.     Plaintiff respectfully demands a trial by jury of all issues in this action and on each and every one of her damage claims, pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

10.     Plaintiff JEANETTE GREY is and was at all relevant times, a resident of the City and State of New York.

3

11.     Defendant the CITY OF NEW YORK ("the City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant the CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the CITY OF NEW YORK.

13.     Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580, was the arresting officer, and at all times hereinafter mentioned was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

14.     Defendant New York City Police Officer JEAN BAPTISTE, Shield No. 26686, escorted plaintiff to the hospital for treatment of injuries sustained in connection with the incident complained of herein.

15.     New York City Police Supervisors and Commanders RACHEL and RICHARD ROEs 1-5; New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and New York City Police Officers JOHN and JANE DOES 1-5; are NYPD Command and Police Officers who were involved in the discriminatory treatment and abusive conduct toward, arrest, transport, and detention of the plaintiff, and all of the actions and conduct associated therewith, including, *inter alia*, the

proffering of charges, the approval of charges, the prosecution of plaintiff, the abuse of criminal process, and the excessive and unnecessary detention to which plaintiff was subjected, and/or actually used excessive force against, falsely arrested, discriminated against, verbally abused, transported, and/or detained the plaintiff, all without probable cause or lawful justification or privilege, or failed to intervene to prevent violations of plaintiff's constitutional rights. They are sued individually and in their official capacities.

16.     Defendants RACHEL and RICHARD ROEs, New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and New York City Police Officers JOHN and JANE DOES are duly sworn, appointed, or acting officers and/or employees and/or agents of the City of New York. They include the individuals who directed and/or authorized the unreasonable arrest and detention of plaintiff; use of unreasonable and excessive force against plaintiff; discriminatory harassment and abuse of plaintiff; and/or actually discriminated against, arrested, transported, detained, used unreasonable and excessive force against, harassed, and/or engaged in discriminatory abuse of, and maliciously initiated a criminal prosecution against plaintiff, all without probable cause, lawful justification, privilege or consent.

17.     At all times relevant herein, defendants RACHEL and RICHARD ROEs, New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and New York City Police Officers JOHN and JANE DOES, either personally or through their subordinates, acted under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or the City of New York.

18.     Each and all of the acts of the defendants alleged herein were undertaken by said defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the CITY OF NEW YORK and/or the NYPD when engaging in the conduct described herein.

19.     At all times relevant herein, defendants acted for and on behalf of the CITY OF NEW YORK and/or the NYPD, in furtherance of their employment by defendant the CITY OF NEW YORK, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

20.     At all times relevant herein, defendants RACHEL and RICHARD ROEs, New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and New York City Police Officers JOHN and JANE DOES 1-5, violated clearly established constitutional standards under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution of which a reasonable police officer and/or public official under their respective circumstances would have known.

## FACTUAL ALLEGATIONS

21.     Plaintiff JEANETTE GREY is a resident of the City of New York.

22.     Plaintiff was arrested at or about 3 a.m. on May 17, 2009 in or about the vicinity of 565 Nostrand Avenue in the City of New York.

23.    At the time of her arrest, Ms. Grey was lawfully present at that location, and was not violating any law or order from a police officer.

24.    Without lawful justification or probable cause, Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 and/or 3 approached plaintiff inside the IFE Lounge, where she was lawfully employed as a photographer for an event taking place therein, and asked her to leave the premises. When Ms. Grey responded that she was lawfully present and working at the location in question, and was waiting to retrieve her belongings and check in with her employer before leaving for the night, without warning or lawful justification, Defendants New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 or 3 picked Ms. Grey up out of the chair she was sitting in, dragged her outside, and violently threw her to the ground on a concrete public sidewalk.

25.    Defendants New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 or 3 then proceeded to repeatedly beat Ms. Grey about the head and body with police department issued batons while yelling misogynist and homophobic slurs at plaintiff, including, but not limited to, "lesbian bitch," causing plaintiff substantial injuries.

26.    Shortly thereafter, plaintiff was handcuffed and placed under arrest, despite defendants' knowledge that they lacked probable cause to do so.

27.     Her arrest was effected without a warrant or probable cause.

28.    At no time was plaintiff given an order or meaningful opportunity to disperse, advised that her conduct might be considered unlawful, or advised that her presence or conduct at that location would subject her to arrest.

29.    Plaintiff was subsequently roughly shoved into a police cruiser and taken to the 77th Precinct of the New York City Police Department. Upon arrival at the precinct house, Defendants New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 or 3 smashed Ms. Grey's head into the hood of a patrol car, chipping her front tooth.

30.    Plaintiff was then taken inside the precinct house, fingerprinted, photographed, and placed in a cell and held there for over 12 hours without lawful justification or cause. During this time plaintiff was taken to the emergency room at Long Island College Hospital for treatment of injuries sustained as a result of defendants' conduct.

31.    Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580 subsequently signed a criminal complaint attesting, under the penalty of perjury, that he personally observed Ms. Grey engage in acts she did not commit. The factual allegations in the complaints in question were insufficient to sustain the charges lodged against plaintiff.

32.    Defendants initiated criminal proceedings against plaintiff despite defendants' knowledge that they lacked probable cause to do so, in order to cover up their misconduct against her.

33.    On a date no later than November 17, 2009, all charges against Ms. Grey were dismissed.

34.     As a direct and proximate result of defendants' actions, Ms. Grey has suffered, *inter alia*, physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, and deprivation of her constitutional rights.

## FEDERAL CAUSES OF ACTION

**First Claim for Relief**
**Excessive Force in Violation of 42 U.S.C. § 1983 and**
**the Fourth and Fourteenth Amendments of the Constitution**

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein, and incorporating them by reference.

36.     The level of force employed by defendants Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 or 3 against Ms. Grey was objectively unreasonable and violated plaintiff's constitutional rights.

37.     As a result of the aforementioned conduct of the defendants, plaintiff was subjected to excessive force and sustained physical and emotional injuries.

**Second Claim for Relief**
**False Arrest in Violation of 42 U.S.C. § 1983 and**
**the Fourth and Fourteenth Amendments of the Constitution**

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein, and incorporating them by reference.

39.     Plaintiff was subjected to an illegal, improper and false arrest by defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

40.     As a direct and proximate result of the foregoing, plaintiff was placed in substantial and prolonged fear for her safety, her liberty was restricted for an extended period of time, she was subjected to handcuffs and other physical restraints, without probable cause or other lawful justification, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and their counterparts under the New York State Constitution, and has suffered and will continue to suffer injury and damages as a result, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

**Third Claim for Relief**
**Malicious Prosecution in Violation of 42 U.S.C. § 1983**

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if fully set forth herein, and incorporating them by reference.

42.     Defendants misrepresented and falsified evidence before the District Attorney.

43.     Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney.

44.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

45.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

46.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

47.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

48.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

49.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

50.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

51.     Notwithstanding the perjurious and fraudulent conduct of the defendants, the criminal proceedings against plaintiff were terminated in Ms. Grey's favor on a date no later than November 17, 2009, when all charges against her were dismissed.

## Fourth Claim for Relief
## Malicious Abuse of Process in Violation of 42 U.S.C. § 1983

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein, and incorporating them by reference.

53.     Defendants issued legal process to place plaintiff under arrest.

54.     Defendants arrested plaintiff in order to achieve a collateral objective beyond the legitimate ends of the legal process.

55. Defendants acted with intent to do harm to plaintiff without excuse or justification.

56. As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

## Fifth Claim for Relief
## Denial of Equal Protection in Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment Based on Sex and Sexual Orientation

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if fully set forth herein, and incorporating them by reference.

58. The conduct of defendants as heretofore described was motivated by animus against Ms. Grey on the basis of sex and sexual orientation.

59. Defendants acted with intent to treat plaintiff disparately on the basis of sex and sexual orientation.

60. As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, and mental anguish.

## Sixth Claim for Relief
## Failure to Intervene in Violation of 42 U.S.C.§ 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 60 with the same force and effect as if fully set forth herein.

62.    Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of her constitutional rights.

63.    The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of her constitutional rights incurred by the use of excessive force against her, her false arrest, and unlawful and excessive detention, despite having had a realistic opportunity to do so.

64.    As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

**Seventh Claim For Relief**
**Denial Of Constitutional Right To Fair Trial**
**In Violation of 42 U.S.C. § 1983**

65.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 64 with the same force and effect as if fully set forth herein.

66.    Defendants created false evidence against plaintiff.

67.    Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

68.    Defendants misled judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

69.    In creating and forwarding false information to prosecutors and judges, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**Eighth Claim for Relief**
**Supervisory Liability For Deprivation of Rights Under the United States Constitution and 42 U.S.C. §§ 1981 and 1983**

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 69 with the same force and effect as if fully set forth herein.

71.      By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, defendants RACHEL and RICHARD ROEs, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

72.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.


73.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from seizure and arrest not based upon probable cause;

C.      Not to be subjected to excessive force;

14

E.      To be free from unwarranted and malicious criminal prosecution;

F.      To be free from malicious abuse of process;

G.      To receive equal protection under the law.

74.     As a direct and proximate result of the defendants' actions, policies, practices and customs described above, plaintiff was subjected to unreasonable and excessive force, discriminatory and abusive conduct, unlawfully arrest and detention, and has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering and mental anguish, and is entitled to compensatory damages to be determined at trial and punitive damages against the individual defendants to be determined at trial.

## PENDANT STATE CLAIMS

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 74 with the same force and effect as if fully set forth herein.

76.     On or about August 14, 2009, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a municipality and the entity that employs defendants Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; JOHN and JANE DOEs 1-5 and RICHARD and RACHEL ROEs 1-5, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e.

15

77.     At least thirty (30) days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

78.     The City of New York demanded a hearing pursuant to General Municipal Law.

79.     A hearing was held in this matter pursuant to General Municipal law § 50-h on May 3, 2010.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

82.     This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### First Claim For Relief Under New York State Law – False Arrest

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 82 with the same force and effect as if fully set forth herein.

84.     Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

85.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

86.     As a direct and proximate result of the aforesaid actions by the defendants, plaintiff was deprived of her constitutional rights, and suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering and mental anguish.

### Second Claim for Relief under New York State Law - False Imprisonment

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 86 with the same force and effect as if fully set forth herein.

88.     As a result of the foregoing, plaintiff was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and was humiliated and subjected to handcuffs and other physical restraints.

89.     Plaintiff was conscious of said confinement and did not consent to same.

90.     Plaintiff's confinement was without probable cause and was not otherwise privileged.

91.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### Third Claim for Relief under New York State Law – Assault

92.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 91 with the same force and effect as if fully set forth herein.

17

93.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

94.     As a result of the aforementioned conduct, plaintiff has suffered physical pain and mental anguish, together with apprehension, fright, embarrassment, humiliation, and shock.

**Fourth Claim for Relief under New York State Law – Battery**

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 94 with the same force and effect as if fully set forth herein.

96.     With force and violence, against plaintiff's will, and without privilege, lawful justification, or consent, Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; and/or JOHN DOE Nos. 1, 2 or 3 grabbed Ms. Grey from the chair she was peacefully and lawfully occupying inside the IFE lounge, dragged her outside, and violently and forcefully threw her to the ground and proceeded to strike her about the head and body with police department issued batons while subjecting her to misogynist and homophobic verbal abuse.

97.     Defendants' actions were willful, intentional, and unwarranted, and without just cause or provocation.

98.     In so doing, defendants were acting in their individual and official capacities, within the scope of and in furtherance of their employment, and upon orders from or with the consent of their superior officers RICHARD and RACHEL ROEs #1-5.

99.    As a direct and proximate result of the misconduct and abuse of authority described above, plaintiff has suffered and will continue to suffer injury and damages, including, *inter alia*, physical and mental pain and suffering, mental anguish, shock, fear, apprehension, violation of her right to privacy, embarrassment and humiliation.

100.    By reason of the willful, reckless and malicious conduct of the defendants, the plaintiff is entitled to recover punitive damages.

### Fifth Claim for Relief under New York State Law – Malicious Prosecution

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 100 with the same force and effect as if fully set forth herein.

102.    On or about May 17, 2004, the defendant the CITY OF NEW YORK, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

103.    Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

104.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

105.   Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

106.   Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff.

107.   Defendants misrepresented and falsified evidence before the District Attorney.

108.   Defendants did not make a complete and full statement of facts to the District Attorney.

109.   Defendants withheld exculpatory evidence from the District Attorney.

110.   Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

111.   Defendants lacked probable cause to continue criminal proceedings against plaintiff.

112.   Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff.

113.   Notwithstanding the perjurious and fraudulent conduct of defendants, proceedings against plaintiff were terminated in her favor, and all charges against plaintiff were dismissed on a date no later than August 17, 2009.

**Sixth Claim for Relief under New York State Law –
Malicious Abuse of Process**

114.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 113 with the same force and effect as if fully set forth herein.

115.    Defendant police officers issued legal process to place plaintiff under arrest.

116.    Defendant police officers arrested plaintiff to attain a collateral objective beyond the legitimate ends of the legal process.

117.    Defendant police officers acted with intent to do harm to plaintiff, without excuse or justification.

118.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### Seventh Claim for Relief under New York State Law – Intentional Infliction of Emotional Distress

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 118 with the same force and effect as if fully set forth herein.

120.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

121.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK, while acting within the scope of their employment.

122.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK while acting in furtherance of their employment.

123.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

124.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with invasion of privacy, embarrassment, humiliation, shock, fright and loss of freedom.

**Eighth Claim for Relief under New York State Law –
Negligent Infliction of Emotional Distress**

125.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 124 with the same force and effect as if fully set forth herein.

126.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

127.    The aforementioned conduct was negligent and caused severe emotional distress to plaintiff.

128.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK while acting within the scope of their employment.

129.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK while acting in furtherance of their employment.

130.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### Ninth Claim for Relief Under New York State Law – Discrimination in Violation of N.Y. CLS Civ. R. § 40-c

131.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 130 with the same force and effect as if fully set forth herein.

132.    Defendants, in the course of the aforementioned conduct, harassed and discriminated against plaintiff on the basis of, *inter alia*, sex and sexual orientation.

133.    Plaintiff, simultaneous with filing of this Complaint, serves notice of her claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

134.    Plaintiff has met all jurisdictional prerequisites for assertion of a claim pursuant to N.Y. CLS Civ. R. § 40-c.

135.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, invasion of privacy, together with embarrassment, humiliation, shock, fright and loss of freedom.

### Tenth Claim for Relief under New York State Law – *Prima Facie* Tort

136.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 135 with the same force and effect as if fully set forth herein.

137.    Defendants, by the aforesaid conduct, inflicted harm upon plaintiff.

138.    The aforesaid conduct of defendants was intentional.

139.    The aforesaid conduct of defendants was without any excuse or justification.

140. As a result of the conduct of defendants, plaintiff sustained, *inter alia*, severe physical and emotional injuries and special damages.

### Eleventh Claim for Relief under New York State Law – Negligent Hiring and Retention

141. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 140 with the same force and effect as if fully set forth herein.

142. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiff.

143. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of defendants Defendant New York City Police Officer PAUL MONTEFUSCO, Shield No. 10580; New York City Police Officer JEAN BAPTISTE, Shield No. 26686; JOHN and JANE DOEs #1-5 and RACHEL and RICHARD ROEs #1-5 to engage in the wrongful conduct heretofore alleged in this Complaint.

144. As a direct and proximate result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, mental anguish, and invasion of privacy, together with embarrassment, humiliation, shock, fright and loss of freedom.

### Twelfth Claim for Relief under New York State Law – Negligent Training and Supervision

145. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 144 with the same force and effect as if fully set forth herein.

24

146.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiff.

**WHEREFORE**, plaintiff respectfully requests that this Court:

A.    Grant injunctive relief requiring defendants to return to plaintiff, or where necessary to expunge and/or destroy all records of fingerprints taken in conjunction with her arrest and all other information or records concerning her arrest, to remove from all records and databases maintained by defendants any reference to plaintiff's arrest, and to request that all law enforcement agencies that received information concerning plaintiff's arrest destroy such information.

B.    Award plaintiff compensatory damages in an amount to be determined at trial.

C.    Award punitive damages against the individual defendants in an amount to be determined at trial.

D.    Award the plaintiff reasonable attorneys' fees and costs.

E.    Grant such other and further relief as this court shall find as appropriate and just.

Dated:        New York, New York
              August 10, 2010

Respectfully submitted,

_____/s_____
ANDREA J. RITCHIE (AR 2769)
995 President St., Brooklyn, NY 11225
(646) 831-1243